UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAJI CRAIG,

        Plaintiff,

v.                              Case No. 3:16-cv-1289-J-39MCR

DARIUS FISHER,

        Defendants.

**ORDER**

**I. Status**

This matter is before the Court on the Motion to Dismiss of Defendant, Darius Fisher (Motion) (Doc. 18). Plaintiff filed a Response (Response) (Doc. 22). He is proceeding on an Amended Complaint (Complaint)[1] (Doc. 7).

**II. Standard of Review**

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal

---

[1] The Court references the pagination assigned by the electronic filing system.

pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). While "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (citation and footnote omitted).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply

"are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

### III. Amended Complaint[2]

Plaintiff, in his Statement of Claim, raises the following claims against Defendant Fisher: (1) unnecessary use of force with chemical agents; (2) sexual harassment; and (3) assault and battery. Complaint at 5. As relief, he seeks monetary compensation, court-ordered mental health treatment, a transfer from Hamilton Correctional Institution (HCI), and removal of Defendant Fisher from his duties as an employee of the Florida Department of Corrections (FDOC). Id. at 6-7.

In his Statement of Facts, Plaintiff alleges that on July 1, 2016, he was imprisoned at HCI and was being escorted by Defendant Fisher to confinement. Id. at 5. Plaintiff was in hand restraints. Id. Defendant Fisher made a sexually suggestive

---

[2] In considering the Motion, the Court must accept all factual allegations in the Complaint (Doc. 7) as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Complaint and may differ from those that ultimately can be proved.

remark, licked Plaintiff's ear and smacked him on the buttocks. Id. In response, Plaintiff yelled rape and sexual harassment. Id. Defendant Fisher slammed Plaintiff to the ground head first; kneed Plaintiff in the back; punched him four times in the head, face and neck area; and then chemically sprayed Plaintiff. Id. at 6. Thereafter, Defendant Fisher pulled down Plaintiff's pants and chemically sprayed him in his "private parts." Id. Plaintiff maintains that he has scars on his neck and a rash from the incident. Id.

Defendant Fisher wrote Plaintiff a disciplinary report for battery on a correctional officer. Id. Staff rejected the disciplinary report due to false statements. Id. Plaintiff asserts there was no penological justification for the use of chemical agents on a restrained inmate, the use of physical force, or the sexual harassment. Id. Plaintiff states he has injuries on his body and he has suffered mentally. Id.

### IV. Summary of the Arguments

Defendant Fisher seeks dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Motion at 1. In doing so, he contends: (1) he is entitled to Eleventh Amendment immunity to the extent he is sued in his official capacity for monetary damages, see Motion at 4-5; (2) Plaintiff fails to state a claim for which relief can be granted because he seeks some relief that the Court cannot grant, id. at 5-6; and (3) the claim concerning the state torts of

assault and battery is barred by statutory and Eleventh Amendment immunity, id. at 6-8.

In response to Defendant's Motion, Plaintiff states he is still suffering from mental disturbance as a result of the incident alleged in the Complaint. Response at 1. As relief, Plaintiff seeks the removal of Defendant Fisher from his job to prevent additional assaults and sexual abuse of inmates; mental health treatment; and $300,000.00. Id.

### V. Law and Conclusions

#### A. Eleventh Amendment Immunity

Defendant Fisher raises the defense of sovereign immunity to the extent Plaintiff is seeking monetary damages against him in his official capacity. Motion at 4-5. In this regard, the Motion is due to be granted. An official capacity claim for monetary damages is barred by sovereign immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-102 (1984). Thus, insofar as Plaintiff seeks monetary damages from Defendant Fisher in his official capacity, the Eleventh Amendment bars suit. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam).

#### B. Failure to State a Claim for Which Relief Can Be Granted

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley,

790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted).

Here, Defendant Fisher asserts that Plaintiff is seeking injunctive relief from the FDOC, an entity that is not a party to this action. Defendant Fisher is a correctional officer, and at this time, a captain. Plaintiff has not named a classification officer with the authority to direct the transfer of an inmate as a defendant. Plaintiff has not named a medical professional with the authority to direct mental health treatment as a defendant. Finally, Defendant Fisher, a correctional officer, is not in a position to terminate employees of the FDOC. Also of import, the Court does not have the authority to direct the termination of FDOC's employees.

Defendant's Motion is due to be granted with respect to Plaintiff's claim for injunctive relief. However, Plaintiff's claim for monetary compensation remains.

### C. State Tort Claim of Assault and Battery

Defendant Fisher asserts that the claim against him for the state law torts of assault and battery is barred by both the Eleventh Amendment of the United States Constitution and Florida Statute 768.28. Defendant Fisher further contends that Plaintiff cannot sue Fisher in a state tort negligence action, Plaintiff may

790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted).

Here, Defendant Fisher asserts that Plaintiff is seeking injunctive relief from the FDOC, an entity that is not a party to this action. Defendant Fisher is a correctional officer, and at this time, a captain. Plaintiff has not named a classification officer with the authority to direct the transfer of an inmate as a defendant. Plaintiff has not named a medical professional with the authority to direct mental health treatment as a defendant. Finally, Defendant Fisher, a correctional officer, is not in a position to terminate employees of the FDOC. Also of import, the Court does not have the authority to direct the termination of FDOC's employees.

Defendant's Motion is due to be granted with respect to Plaintiff's claim for injunctive relief. However, Plaintiff's claim for monetary compensation remains.

### C. State Tort Claim of Assault and Battery

Defendant Fisher asserts that the claim against him for the state law torts of assault and battery is barred by both the Eleventh Amendment of the United States Constitution and Florida Statute 768.28. Defendant Fisher further contends that Plaintiff cannot sue Fisher in a state tort negligence action, Plaintiff may

790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted).

Here, Defendant Fisher asserts that Plaintiff is seeking injunctive relief from the FDOC, an entity that is not a party to this action. Defendant Fisher is a correctional officer, and at this time, a captain. Plaintiff has not named a classification officer with the authority to direct the transfer of an inmate as a defendant. Plaintiff has not named a medical professional with the authority to direct mental health treatment as a defendant. Finally, Defendant Fisher, a correctional officer, is not in a position to terminate employees of the FDOC. Also of import, the Court does not have the authority to direct the termination of FDOC's employees.

Defendant's Motion is due to be granted with respect to Plaintiff's claim for injunctive relief. However, Plaintiff's claim for monetary compensation remains.

### C. State Tort Claim of Assault and Battery

Defendant Fisher asserts that the claim against him for the state law torts of assault and battery is barred by both the Eleventh Amendment of the United States Constitution and Florida Statute 768.28. Defendant Fisher further contends that Plaintiff cannot sue Fisher in a state tort negligence action, Plaintiff may

only sue the entity by which he is employed, and Plaintiff cannot sue the entity in federal court.

In support of his assertion, Defendant Fisher quotes a portion of the relevant Florida Statute:

> ...(n)o officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for injury or damage suffered as a result of any act, event or omission of action in the scope of her or his employment or function . . . . The exclusive remedy for injury or damage suffered as a result of an act, event or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity . . . of which the officer, employee or agent is an employee.

Motion at 7 (quoting, in part, Fla. Stat. § 768.28(9)(a)).

At first blush, Defendant Fisher's contention seems somewhat persuasive; however, upon a more in-depth analysis of the issue, he presents an unsound position based on crafty editorialization of the statute at issue. Upon consideration of the unedited version of the statute, Defendant Fisher's mendacious argument does not hold water:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, **unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of**

> **human rights, safety, or property.** However, such officer, employee, or agent shall be considered an adverse witness in a tort action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function. The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, **unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.**

Fla. Stat. Ann. § 768.28 (emphasis added).

Relevant case law reveals that "[t]he crux of a state-law assault and battery claim against [an officer] is 'whether a reasonable officer would believe that this level of force is necessary in the situation at hand.'" <u>Christie ex rel. estate of Christie v. Scott</u>, 923 F.Supp.2d 1308, 1328-29 (M.D. Fla. 2013) (quoting <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1197 (11th Cir. 2002)). Indeed, a defendant may be liable under Florida law for assault and battery if the force used was clearly excessive and unreasonable under the circumstances. <u>Id</u>. (citation omitted).

It is also significant that this Court may exercise supplemental jurisdiction over a state law claim of assault and battery, see Logan v. Smith, No. 3:07-cv-1156-J-JBT, 2014 WL 2109889, at *8 (M.D. Fla. May 20, 2014) (Not Reported in F.Supp.3d);[3] Logan v. Johnson, No. 3:13-cv-532-J-39MCR, 2014 WL 5473561, at *8 (M.D. Fla. Oct. 28, 2014) (Not Reported in F.Supp.3d); Connell v. Tate, No. 3:10-cv-221-J-20JRK, 2012 WL 252817, at * 13 (M.D. Fla. Jan. 25, 2012) (Not Reported in F.Supp.2d), and this is particularly so when "the state law claim of assault and battery arises from the same nucleus of operative facts as the Eighth Amendment claims[.]" Negron v. Bryant, No. 3:08-cv-1118-J-34MCR, 2010 WL 746727, at *18 (M.D. Fla. Mar. 3, 2010) (Not Reported in F.Supp.2d).

Therefore, based on the above, the Motion will be denied to the extent that Defendant Fisher seeks dismissal of the claim for damages from him for the torts of assault and battery.

Therefore, it is now

**ORDERED:**

1. The Motion to Dismiss of Defendant, Darius Fisher (Doc. 18) is **GRANTED** to the extent that Plaintiff seeks monetary damages

---

[3] This Court instructed the jury on the intentional torts of assault and battery under Florida law. See Logan v. Smith, No. 3:07-cv-1156-J-JBT, Court's Jury Instructions (Doc. 292 at 14-15).

from Defendant Fisher in his official capacity and to the extent Plaintiff seeks injunctive relief.

2. Defendant Fisher shall respond to the Amended Complaint (Doc. 7) by **September 15, 2017.**

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of August, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 8/14
c:
Counsel of Record